## H. F. MENIFEE v. SAMUEL MYERS.

1. If a petition for an injunction be not verified by oath or affirmation it should be dismissed, on motion of the defendant, at any time before trial upon the merits.

2. Although a petition for an injunction to stay execution disclosed matters which would, if proved, have established a good defense to the original action, yet the petition is bad for want of equity if it shows no reason why such defense was not interposed, nor why the petitioner had not resorted to legal remedies afforded him ; and it was obvious error for the district court to grant relief on such a petition without proof of its allegations.

ERROR from Johnson.    Tried below before the Hon. A. B. Norton.

If the unsworn petition of Myers may be believed, he was a badly used man.    He says that in June, 1865, Menifee sold him a wagon and harness, for which he, Myers, was to pay some one hundred and twenty-six bushels of wheat; for the value of which wheat Menifee subsequently obtained judgment against him in the county court, under the jurisdiction conferred on it by the Constitution of 1866.    Myers insists that the judgment and proceedings of the county court were utterly void, for the reason that it turned out that the wagon and harness were not the property of Menifee, but belonged to the late Confederate States, and petitioner invokes the laws of nations and of war, as well as the terms of " surrender," to show that they had become the property of the United States at the time Menifee put them upon him.    But this was not the worst of it.    One Murphy, a " legally authorized agent of the United States government," came along and demanded the property or its value, and Myers paid him its value and kept it.    Soon afterwards, however, one " Lewis," also a legally authorized agent, etc., with a troop of soldiery, came along ; and he also demanded the property or its value, and as the defendant was determined to have that

wagon, if paying for it would get it, he paid up again like a man. According to the petition, all this occurred before Menifee sued him; and why he did not make this defense to the suit, or whether he did make it, but failed to sustain it by evidence, is not divulged in his petition.

*W. F. Griffin*, for the plaintiff in error.

*Bradshaw, Sneed & Shropshire*, for the defendant in error.

OGDEN, J.—An injunction was sued out by the defendant against the plaintiff in error, to restrain the collection of a judgment of the county court. The defendant below moved to dismiss the injunction for the reasons, among others, that the district court had no jurisdiction of the cause; that the petition showed no equity upon its face; and that the petition for the injunction was not sworn to.

The injunction was granted in violation of Article 3929, Paschal's Digest, which reads as follows: " All petitions for injunctions and answers thereto shall be verified by the oath or affirmation of the party filing the same." The petition was not sworn to and should have been dismissed, on motion of the defendant, at any time before the trial upon the merits. The petition upon its face showed that the plaintiff had no equitable right to an injunction, as he had failed to set up his defense to the note, if he had any, in the county court, or had failed to bring his case to the district court by *certiorari* or appeal. But it appears from the record that the district court overruled the defendant's motion to dismiss the injunction, and so far as the record informs us, entered a decree perpetuating the same, without any evidence whatever to sustain the allegations of the petition. This was certainly erroneous, and must be corrected.

The judgment of the district court is therefore reversed, and

the injunction dismissed, and it is ordered that the defendant in error pay all costs of this court and of the court below.

Reversed and dismissed.